## RIKER v. CROCKER-WHEELER MOTOR CO.

### (Circuit Court, S. D. New York. February 7, 1893.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—ARMATURES.
   In letters patent No. 393,266, granted to Andrew L. Riker November 1, 1888, claim 1 was for "an armature for motors or dynamos, comprising a series of flat rings having outwardly projecting teeth, composed each of two like parts, adjacent rings breaking joints, and bolts or rivets passing through the overlapping ends of adjacent half rings, so that by withdrawing said bolts or rivets the armature can be divided diametrically into two halves." *Held*, that the teeth with spaces for the coils of wire between are important, and hence this claim is not anticipated by the British patent No 1,736, of April 6, 1883, to Marcel Duprez, which has no such teeth.

2. SAME.
   Nor is it anticipated by the British patent No. 3,570, of February 19, 1884, granted to John H. Greenhill, which shows projecting teeth providing spaces for coils of wire between, but not an armature which can be wound in parts, as that of Riker's patent can be.

3. SAME.
   Neither of these British patents shows the series of flat, stamped-out rings, each composed of two like halves, joined at their ends, having teeth with spaces between for coils, and rivet holes opposite alternate teeth, so placed as to be reversible alternately and break joint, which is the construction covered by the second claim of Riker's patent; and hence that claim is not anticipated.

4. SAME—INFRINGEMENT.
   Putting the rivet holes through alternate teeth as they broaden outward, instead of through the bodies of the rings opposite the teeth, constitutes an infringement of Riker's patent when such rivet holes are spaced, and are out of the way of the coils, the same as when they are in the body of the rings.

In Equity. Suit by Andrew L. Riker against the Crocker-Wheeler Motor Company for infringement of a patent. Decree for complainant.

Philip Mauro, for orator.
Thomas Ewing, Jr., for defendant.

WHEELER, District Judge. This bill is brought upon letters patent No. 393,266, applied for by the orator November 1, 1887, and granted to him November 1, 1888, with nine claims, for an electric motor and dynamo. The answer denies infringement upon any rights and privileges claimed under the patent, "except such as are described in the first claim thereof;" denies that the orator is the first and original inventor of the devices of that claim; sets up letters patent of Great Britain No. 1,736, dated April 6, 1883, and granted to Marcel Duprez for dynamo-electric machines, and No.

3,570, dated February 19, 1884, and granted to John H. Greenhill for improvements in dynamo-electric machines, as prior descriptions of the devices of that claim; and alleges prior knowledge of the individual defendants and Charles G. Curtis of New York of the devices of the first and third claims, and communication of it to the orator. The first and second claims only are relied upon.   They are for—

"(1) An armature for motors or dynamos, comprising a series of flat rings having outwardly projecting teeth composed each of two like parts, adjacent rings breaking joints, and bolts or rivets passing through the overlapping ends of adjacent half rings, so that by withdrawing said bolts or rivets the armature can be divided diametrically into two halves, substantially as described. (2) An armature for electric motors or dynamos, comprising a series of flat, stamped-out rings, having teeth and intermediate spaces for the coils, and rivet holes opposite alternate teeth, each ring being composed of two like halves, joined at their ends, the rings being reversed alternately with reference to their top and bottom, so that adjacent rings break joints, substantially as described."

The defendant insists also by evidence and in argument that these claims do not involve any patentable invention.   The evidence tends to show, and does well enough show, that a skilled workman in this trade could readily make the armatures of these claims, if directed to make them, or that occurred to him; yet some contriving would be necessary for giving the direction or carrying out the thought.   This, from the intricacy and requirements of the subject, would seem to involve the exercise of inventive faculties.   The evidence also shows that the individual defendants and Curtis were much engaged and skilled in these matters, and had communications with and gave information to the orator about them, but does not show with the clearness necessary to overcome the presumptions from the patent that either of them made these particular constructions known to him, or knew them before he did.   The patent of Duprez shows the armature of the first claim, without teeth for the coils of wire between; but the teeth are important, and the armature of Duprez is not the same, nor substantially the same, as that of this patent.   The patent of Greenhill shows projecting teeth, providing spaces for coils of wire between, but not a body of an armature built up like that of Duprez, or which can be wound in parts as that of the first claim of this patent can be; and neither of these patents shows the series of flat, stamped-out rings of the second claim, each composed of two like halves, joined at their ends, having teeth with spaces between for coils, and rivet holes opposite alternate teeth, so placed as to be reversible alternately and break joints, and have rivet holes through the joints, and all the rivet holes register accurately.   This construction is far different from that of either, and could not be produced from either or both without something besides the customary skill of artisans to set their skill at work. None of the defenses to these claims seems to be sufficiently made out to defeat either.

Infringement of the first claim is not denied.   The rivet holes of the defendant's armature are through alternate teeth, as they broaden outward, instead of through the bodies of the rings opposite the teeth.   This change is argued to be sufficient to take the armature out of that claim.   But the rivet holes there are spaced, and are out

of the way of the coils, the same as when they are in the body of the rings; and answer the same purpose in the same way, although not in the same place. This change may be an improvement, but the principle and plan of construction of the armatures are the same; and if it is an improvement the armature of this claim was taken to improve upon. This taking for that purpose is none the less an infringement. Let a decree be entered for the orator.